# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>                v.<br><br>ELTEYVIONNE ZACHARY CARLTON,<br><br>                Defendants. | Case No. 3:23-cr-00094-SLG-MMS |

## ORDER ON MOTION TO SUPPRESS

Before the Court at Docket 30 is Defendant Elteyvionne Carlton's Motion to Suppress. The Government filed a Response in opposition to the motion at Docket 34. The motion was referred to the Honorable Magistrate Judge Matthew M. Scoble. After holding an evidentiary hearing, Judge Scoble issued his Report and Recommendation at Docket 66, in which he recommended that the Motion to Suppress be granted in part and denied in part. The Government filed objections to the Report and Recommendation at Docket 71-1, to which Carlton responded at Docket 72.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is

---

[1] 28 U.S.C. § 636(b)(1).

to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2]

## BACKGROUND

Carlton moves to suppress the evidence seized pursuant to two search warrants because, in his view, the warrants lacked probable cause.[3] He first seeks suppression of a cell phone seized during the search of a truck.[4] Carlton contends that the facts alleged in the warrant affidavit did not support probable cause to believe the crime identified on the warrant application—felon in possession—occurred.[5] That is because the affidavit "does not allege that anyone involved in the alleged shooting incident was a felon."[6] Further, Carlton maintains that the warrant affidavit does not contain any facts to support probable cause to believe that the cell phone would contain any evidence related to the crime of felon in possession.[7]

Second, Carlton seeks suppression of the evidence seized from an extraction of the cell phone seized from the truck.[8] He maintains that "there is no

---

[2] *Id.*

[3] Docket 30 at 8.

[4] Docket 30 at 9.

[5] Docket 30 at 9.

[6] Docket 30 at 9.

[7] Docket 30 at 9.

[8] Docket 30 at 10.

Case No. 3:23-cr-00094-SLG-MMS, *USA v. Carlton*
Order on Motion to Suppress
Page 2 of 10
Case 3:23-cr-00094-SLG-MMS   Document 75   Filed 04/11/25   Page 2 of 10

basis to believe that Carlton communicated with Davis from his cellphone at all" and that the warrant—authorizing a search of data from the cell phone over a two week period—was overbroad because any evidence that Carlton lured Davis to the home before the shooting occurred would be found in cell phone data from the evening before the shooting.[9] Carlton also alleges that the cell phone search warrant lacked probable cause because the police officer's theory that Carlton or Ticket lured Davis to the house was "completely obliterated by the existence of Ticket's available cellphone records, which show anything but an invitation."[10] That evidence was not mentioned in the warrant affidavit, which Carlton contends was a material omission pursuant to *Franks v. Delaware*.[11] Carlton contends that if that evidence had been included, the affidavit would not provide probable cause to search the cell phone.[12]

The Government responds that both search warrants were supported by probable cause and, alternatively, that the good faith exception applies.[13] The Government also opposed holding a *Franks* hearing.[14]

---

[9] Docket 30 at 10.

[10] Docket 30 at 11.

[11] Docket 30 at 10-11 (citing *Franks v. Delaware*, 438 U.S. 154, 168 (1978)).

[12] Docket 30 at 11.

[13] Docket 34 at 6-20.

[14] Docket 34 at 20-23.

Case No. 3:23-cr-00094-SLG-MMS, *USA v. Carlton*
Order on Motion to Suppress
Page 3 of 10
Case 3:23-cr-00094-SLG-MMS   Document 75   Filed 04/11/25   Page 3 of 10

On December 4 and 5, 2024, Judge Scoble held an evidentiary hearing.[15] After the hearing, both parties filed closing briefs.[16] On February 18, 2025, Judge Scoble issued a Report and Recommendation.[17] Judge Scoble recommended that the Court grant in part and deny in part Carlton's motion to suppress. The Court now considers the Government's objections to Judge Scoble's Report and Recommendation.

## DISCUSSION

Regarding the facts in this case, the Court adopts in full the factual background Judge Scoble provides in his Report and Recommendation, with the amendment of one fact which both parties agree was misstated.[18]

As to the warrant to search the truck, neither party objected to Judge Scoble's conclusion that the evidence seized during the search should not be suppressed because the search fell within the automobile exception. The Court therefore adopts Judge Scoble's analysis regarding the search warrant for the truck and the seizure of the cell phone in its entirety.

---

[15] Docket 42; Docket 43; *see also* Docket 47 (Tr.); Docket 48 (Tr.).

[16] Docket 63; Docket 64.

[17] Docket 66.

[18] Docket 71-1 at 2 ("The Court's factual background section outlined that Detective Niwa conducted the interviews of both Carlton and Davis. Dkt. 66, pg. 4. It was Detective Ruble who interviewed both individuals."); Docket 72 at 1 ("At page 2 of its objections, the government notes that Detective Ruble interviewed Mr. Carlton and Mr. Davis. This is correct.").

Case No. 3:23-cr-00094-SLG-MMS, *USA v. Carlton*
Order on Motion to Suppress
Page 4 of 10
Case 3:23-cr-00094-SLG-MMS     Document 75     Filed 04/11/25     Page 4 of 10

With respect to the warrant to search the cell phone, Judge Scoble concluded that Detective Ruble, whose affidavit supported the search warrant application for the cell phone, "recklessly misled the judge by omitting the exculpatory text messages that undercut the sole theory of the warrant [to] such an extent as to negate probable cause."[19] Judge Scoble found that the omissions were material because the omitted texts would have contradicted Detective Ruble's theory of probable cause that Davis had been intentionally lured to the home where Carlton shot him.[20] And Judge Scoble found the omissions were reckless because "anyone who has read these messages would believe that [the messages] seriously rebutted the theory of Mr. Davis being lured."[21] Based on its finding of recklessness, the Report and Recommendation concludes that the *Leon* good faith exception to otherwise defective warrants did not apply and the fruits of the cell phone search should be suppressed.[22]

The Government objects to Judge Scoble's recommendation to suppress the evidence from the cell phone for two reasons. First, the Government asserts that Judge Scoble incorrectly applied the standard necessary to establish recklessness under *Franks*: it maintains that standard requires a showing "'a high

---

[19] Docket 66 at 20, 23–25.

[20] Docket 66 at 20–23.

[21] Docket 66 at 25.

[22] Docket 66 at 25–26.

Case No. 3:23-cr-00094-SLG-MMS, *USA v. Carlton*
Order on Motion to Suppress
Page 5 of 10
Case 3:23-cr-00094-SLG-MMS   Document 75   Filed 04/11/25   Page 5 of 10

degree of awareness of probable falsity' and that omitted facts caused truthful information to be misleading."[23] And, second, the Government maintains that "[e]ven if the omissions were reckless, they were not material" because "the affidavit, even with the added omissions," established probable cause.[24] Carlton responds that the Report and Recommendation "correctly concludes that Detective Ruble recklessly misled the magistrate by omitting material information from the search warrant application, and that evidence seized pursuant to this warrant must be suppressed."[25] In his view, "there is no credible argument that the text messages . . . and the shoeprint were irrelevant or immaterial to the lure theory" Detective Ruble's affidavit advanced and that by omitting this material "Detective Ruble manipulated the inferences to be drawn by the magistrate."[26]

The Court will address the Government's objections in turn. "To prevail on a claim that the police procured a warrant through deception, the party challenging the warrant must show that the affiant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause."[27] Judge Scoble found that Detective Ruble had reviewed the text messages for

---

[23] Docket 71-1 at 2 (quoting *United States v. Senchenko*, 133 F.3d 1153, 1158 (9th Cir. 1998)).

[24] Docket 71-1 at 5.

[25] Docket 72 at 1.

[26] Docket 72 at 2.

[27] *United States v. Ruiz*, 758 F.3d 1144, 1148 (9th Cir. 2014) (citing *Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009)).

Case No. 3:23-cr-00094-SLG-MMS, *USA v. Carlton*
Order on Motion to Suppress
Page 6 of 10
Case 3:23-cr-00094-SLG-MMS   Document 75   Filed 04/11/25   Page 6 of 10

approximately 30 minutes before drafting the warrant affidavit and concluded that it was, at minimum, "reckless to consciously disregard" the text messages in drafting the affidavit, given their content.[28] Therefore, Judge Scoble applied the proper standard to conclude that Detective Ruble "recklessly made . . . omissions."[29]

Relying on *United States v. Senchenko*, the Government posits that Judge Scoble was required to find that Detective Ruble had a "high degree of awareness of probable falsity."[30] The quote that the Government points to from *Senchenko* is found in that court's characterization of the district court's findings: "The [district] court therefore found that the affiant lacked the 'high degree of awareness of probable falsity' that a finding of recklessness would require."[31] The *Senchenko* court does not attribute a source to the quote identified by the Government. The quote originates in a Supreme Court decision, *Garrison v. Louisiana*, that evaluated the standard to establish civil or criminal liability for statements made in reckless disregard for the statement's truth.[32] The Court has found no other

---

[28] Docket 66 at 25.

[29] *United States v. Ruiz*, 758 F.3d 1144, 1148 (9th Cir. 2014) (citing *Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009)).

[30] Docket 71-1 at 2 (quoting *United States v. Senchenko*, 133 F.3d 1153, 1158 (9th Cir. 1998)); *see Senchenko*, 133 F.3d at 1158 (describing recklessness as requiring a showing that the false statements were made with a "high degree of awareness of probable falsity").

[31] *Senchenko*, 133 F.3d at 1158.

[32] *Garrison v. Louisiana*, 379 U.S. 64, 74 (1964) ("[O]nly those false statements made with the high degree of awareness of their probable falsity demanded by *New York Times* may be the subject of either civil or criminal sanctions.").

Case No. 3:23-cr-00094-SLG-MMS, *USA v. Carlton*
Order on Motion to Suppress
Page 7 of 10
Case 3:23-cr-00094-SLG-MMS   Document 75   Filed 04/11/25   Page 7 of 10

published Ninth Circuit opinion that applies the "high degree of awareness of probable falsity" in the context of a warrant affidavit. Further, *Senchenko* involved an allegedly false statement in a warrant affidavit. In that context, it would make sense that awareness of the statement's falsity would be required. However, here, Judge Scoble determined that an omission was reckless. It makes little sense to require a finding that Detective Ruble had a high degree of awareness of the falsity of an omission. The Court agrees with Judge Scoble's reasoning, adopts his analysis, and finds that Detective Ruble recklessly omitted information about the text messages.

Turning to whether the omission was material, "[i]f the officer omitted facts required to prevent technically true statements in the affidavit from being misleading, the court determines whether the affidavit, once corrected and supplemented, establishes probable cause."[33] "If probable cause remains after amendment, then no constitutional error has occurred."[34] "The probable cause standard for a search warrant is whether, based on common sense considerations, there was 'a fair probability that contraband or evidence of a crime [would] be found in a particular place.'"[35]

---

[33] *Ruiz*, 758 F.3d at 1148 (quoting *Ewing*, 588 F.3d at 1224)).

[34] *Id.* (quoting *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084 (9th Cir. 2011)).

[35] *Id.* (quoting *United States v. DeLeon*, 979 F.2d 761, 764 (9th Cir. 1992)).

Case No. 3:23-cr-00094-SLG-MMS, *USA v. Carlton*
Order on Motion to Suppress
Page 8 of 10
Case 3:23-cr-00094-SLG-MMS    Document 75    Filed 04/11/25    Page 8 of 10

The express purpose of the extraction search was to "confirm[] if CARLTON and/or TICKET intentionally lured DAVIS to the Nancy address in a premeditated act to harm him."[36] If Detective Ruble had included information gleaned from the text messages, the totality of the information in the affidavit would not support probable cause to believe that evidence of the crime of assault or felon in possession would be found on the cell phone. The text messages indicate that Ticket did not invite Davis to the home and, upon the Court's review of the messages, the messages also strongly suggest that Carlton and Davis were not in direct contact.[37] Therefore, the Court agrees with Judge Scoble's reasoning, adopts his analysis, and finds that, had Detective Ruble included information about the text messages in the affidavit, the affidavit would not support probable cause to believe that evidence of assault or felon in possession would be found on the cell phone.

For the foregoing reasons, the Report and Recommendation at Docket 66 is ADOPTED in its entirety. The Court GRANTS IN PART and DENIES IN PART Carlton's Motion to Suppress and Docket 30. The Court orders that

- The evidence seized pursuant to the search of the truck shall not be suppressed; and

---

[36] Docket 34-2 at ¶ 18.

[37] Docket 30-3 at 8, 10, 13 (texts from Davis to Ticket to "put that n[*] on the phone"; "put that n[*] on and I'll quit calling"; "Tell him to call me lmfao"; "Let that n[*] answer again").

Case No. 3:23-cr-00094-SLG-MMS, *USA v. Carlton*
Order on Motion to Suppress
Page 9 of 10
Case 3:23-cr-00094-SLG-MMS     Document 75     Filed 04/11/25     Page 9 of 10

- The evidence seized from the search of the cell phone and any fruits thereof shall be suppressed.

DATED this 11th day of April, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cr-00094-SLG-MMS, *USA v. Carlton*
Order on Motion to Suppress
Page 10 of 10
Case 3:23-cr-00094-SLG-MMS    Document 75    Filed 04/11/25    Page 10 of 10