# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ELTEYVIONNE ZACHARY CARLTON, <br><br> Defendants. | Case No. 3:23-cr-00094-SLG-MMS |

## ORDER ON MOTION TO DISMISS

Before the Court at Docket 79 is Defendant Elteyvionne Carlton's Motion and Memorandum to Dismiss. The Government responded in opposition to the motion at Docket 80.

## BACKGROUND

On October 18, 2023, the Government charged Mr. Carlton in an indictment with possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).[1] The indictment identifies five prior State of Alaska convictions from earlier in 2023.[2] The indictment also includes a criminal forfeiture allegation.[3]

---

[1] Docket 14 at 1.

[2] Docket 14 at 2.

[3] Docket 14 at 2-3.

Mr. Carlton now seeks dismissal of the felon-in-possession charge pursuant to the Second Amendment, contending that "18 U.S.C. § 922(g)(1) is an unconstitutional abridgement of the right to bear arms, both facially and as applied to Mr. Carlton's conduct."[4] He relies on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, which the Supreme Court decided in 2022.[5] Mr. Carlton maintains that "*Bruen* adopted a new approach to the Second Amendment, overruling contrary Ninth Circuit precedent," and "the United States cannot meet its burden to show a historical tradition of restricting people with felonies from possessing firearms."[6]

## DISCUSSION

Before *Bruen*, in *District of Columbia v. Heller*, the Supreme Court struck down a District of Columbia law banning possession of firearms by homeowners, finding that the Second Amendment protects the individual right to bear arms.[7] The Supreme Court noted that the right is not unlimited and that "nothing in [the] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons," which was "presumptively lawful."[8] Subsequently, in *McDonald v. City of Chicago*, the Supreme Court stated that

---

[4] Docket 79 at 1.

[5] Docket 79 at 1-25; 597 U.S. 1 (2022).

[6] Docket 79 at 1, 3.

[7] 554 U.S. 570, 595, 636 (2008).

[8] *Id.* at 626, 627 n.26.

Case No. 3:23-cr-00094-SLG-MMS, *USA v. Carlton*
Order on Motion and Memorandum to Dismiss
Page 2 of 5
Case 3:23-cr-00094-SLG-MMS    Document 85    Filed 05/06/25    Page 2 of 5

Heller "did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons.'"[9]

Applying *Heller*, and before *Bruen*, in *United States v. Vongxay*, the Ninth Circuit upheld the constitutionality of § 922(g)(1).[10] The *Vongxay* court held that *Heller* "[did] not render § 922(g)(1) unconstitutional," and that a consensus of case law indicated that, "even given the Second Amendment's individual right to bear arms, felons' Second Amendment rights can be reasonably restricted."[11]

In *Bruen*, the Supreme Court explained that the two-step means-ends scrutiny applied by the circuit courts was not supported by *Heller* and clarified the proper analysis to determine the constitutionality of a law implicating Second Amendment rights.[12] But *Bruen* did not alter *Heller*'s statement that the prohibition of firearms by felons is "longstanding" and "presumptively lawful."[13] Indeed, the *Bruen* majority noted that its holding was "[i]n keeping with *Heller*."[14] Justice Kavanaugh, joined by Chief Justice Roberts, stated that *Bruen* does not disturb what the Court stated in *Heller* about the restrictions imposed on possessing firearms, namely the "longstanding prohibitions on the possession of firearms by

---

[9] 561 U.S. 742, 786 (2010) (quoting *Heller*, 554 U.S. at 626).

[10] 594 F.3d 1111, 1118 (9th Cir. 2010).

[11] *Id.* at 1115, 1117.

[12] *See Bruen*, 597 U.S. at 20-24.

[13] *Heller*, 554 U.S. at 626-27 & n.26.

[14] *Bruen*, 597 U.S. at 17.

Case No. 3:23-cr-00094-SLG-MMS, *USA v. Carlton*
Order on Motion and Memorandum to Dismiss
Page 3 of 5
Case 3:23-cr-00094-SLG-MMS    Document 85    Filed 05/06/25    Page 3 of 5

felons."[15] Justice Alito stated in his concurrence: "Nor have we disturbed anything that we said in *Heller* or *McDonald*."[16] Justice Breyer, joined by Justices Kagan and Sotomayor, stated that *Bruen* "cast[s] no doubt on" *Heller*'s treatment of laws prohibiting firearms possession by felons.[17]

While *Bruen* clarified the Second Amendment analytical framework, nothing in *Bruen* indicates that the Supreme Court repudiated its earlier pronouncements that the Second Amendment's protections do not extend to felons. Indeed, *Bruen* did not overrule the precedents on which *Vongxay* relied and, given the *Bruen* Court's careful intent to preserve *Heller*, its holding is not "clearly irreconcilable" with *Heller*, *Vongxay*, or other pre-*Bruen* Ninth Circuit cases that have relied on *Heller*'s "presumptively lawful" language to uphold the constitutionality of felon disarmament laws.[18] As such, *Vongxay* remains binding precedent on this Court.

---

[15] *Id.* at 81 (Kavanaugh, J., concurring) (quoting *Heller*, 554 U.S. at 626-27).

[16] *Id.* at 72 (Alito, J., concurring).

[17] *Id.* at 129 (Breyer, J., dissenting).

[18] Ninth Circuit precedent is only "effectively overruled" when "the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc); *see also Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018) ("The clearly irreconcilable requirement is a high standard. . . . [I]t is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent." (internal quotation marks and citations omitted)). Further, the Supreme Court recently upheld the constitutionality of 18 U.S.C. § 922(g)(8), which prohibits individuals subject to a domestic violence restraining order from possessing a firearm. *United States v. Rahimi*, 144 S. Ct. 1889, 1903 (2024) ("An individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment.").

Case No. 3:23-cr-00094-SLG-MMS, *USA v. Carlton*
Order on Motion and Memorandum to Dismiss
Page 4 of 5
Case 3:23-cr-00094-SLG-MMS     Document 85     Filed 05/06/25     Page 4 of 5

As the Court remains bound by *Vongxay*, the Court finds that 18 U.S.C. § 922(g)(1) is constitutional and therefore DENIES Mr. Carlton's Motion and Memorandum to Dismiss at Docket 79.

DATED this 6th day of May, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cr-00094-SLG-MMS, *USA v. Carlton*
Order on Motion and Memorandum to Dismiss
Page 5 of 5

Case 3:23-cr-00094-SLG-MMS   Document 85   Filed 05/06/25   Page 5 of 5